**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| STEPHEN BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:21-cv-652 |
| | ) | |
| Y MEDIA LABS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1.      Plaintiff, Stephen Barker ("Barker" or "Plaintiff"), by counsel, brings this action against Defendant, Y Media Labs, LLC ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*

**II.  PARTIES**

2.      Barker is a resident of Hancock County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant is a foreign corporation that maintains offices and conducts business in the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

1

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A)..

6.      At all times relevant to this action, Barker was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Barker is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Barker's disability and/or regarded Barker as being disabled and/or Barker had a record of being disabled.

8.      Barker satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination.  Barker received the required Notice of Suit Rights and timely files this action.

9.      A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  <u>FACTUAL ALLEGATIONS</u>

10.     Barker was hired by Defendant on or about December 3, 2018. Most recently, Barker served as a Lead Front End Engineer.

11.     Barker suffers from a disability as that term is defined by the Americans with Disabilities Act. He was diagnosed with skin cancer in December of 2019 and

underwent multiple surgeries in 2020 as a result. He is presently suffering from significant neurological issues as well.

12.     As a result of his disability, Barker's physician restricted his working hours to 8am to 8pm each day beginning in or about March 2020. Defendant failed to honor his restrictions and provide an accommodation to Barker. Instead, Defendant continued to insist that Barker provide 24-hour support to the team of engineers working on his projects.

13.     In or about June 2020, Barker communicated to Weston Hanners, his supervisor, that the team assigned to assist him with the project did not have the appropriate skill set to effectively complete the job and, as a result, it was forcing him to work around the clock to remedy their issues. He again requested that Defendant honor his restrictions, but no accommodation or alternative was offered.

14.     On or about September 18, 2020, Defendant informed Barker that if believed his health was impacting the success of the project. It immediately placed him on involuntary administrative leave and instructed him to apply for short term disability benefits.

15.     Barker was never given any performance warning and had not previously been disciplined by Defendant. At all times, Barker met or exceeded Defendant's legitimate performance expectations.

16.     On or about September 30, 2020, Barker engaged in protected activity when he filed Charge of Discrimination No. 470-2020-4091 with the U.S. Equal Employment Opportunity Commission alleging discrimination based on his disability.

17.     Barker returned to work on or about December 21, 2020.  After he returned, Barker was continuously harassed to provide medical justification for the leave that was forced upon him in September.  To end the harassment, Barker provided two-weeks' notice on March 15, 2021, that he intended to resign effective March 30, 2021.  In response, Defendant immediately terminated his employment.

## V.  CAUSES OF ACTION

### Count I: Disability Discrimination

18.     Barker hereby incorporates by reference paragraphs one (1) through seventeen (17) as if the same were set forth at length herein.

19.     Defendant violated Barker's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by refusing Barker reasonable accommodations for his disability.

20.     By placing Barker on involuntary administrative leave, Defendant subjected Barker to disparate treatment as compared to other employees who do not suffer from the same or similar disabilities as Barker.

21.     Defendant's actions were intentional, willful and in reckless disregard of Barker's rights as protected by the ADA.

22.     Barker has suffered damages as a result of Defendant's actions.

**Count II: Retaliation**

23.     Barker hereby incorporates by reference paragraphs one (1) through twenty-two (22) as if the same were set forth at length herein.

24.     Defendant retaliated against Barker for having filed a Charge of Discrimination by harassing him regarding the involuntary leave that it placed him on and immediately terminating his employment when he submitted his resignation.

25.     Defendant violated Barker's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.*

26.     Defendant's actions were intentional, willful and in reckless disregard of Barker's rights as protected by the ADA.

27.     Barker has suffered damages as a result of Defendant's actions.

**VI.  REQUESTED RELIEF**

WHEREFORE, Plaintiff, Stephen Barker, by counsel, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.     All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

2.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3.     Compensatory damages for Defendant's violations of the ADA;

4.     Punitive damages for Defendant's violation of the ADA;

5.     Costs and attorney's fees incurred as a result of bringing this action;

6.      Pre- and post-judgement interest on all sums recoverable; and

7.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:     (812) 424-1005
Email:         ad@bdlegal.com

*Attorneys for Plaintiff, Stephen Barker*

## DEMAND FOR JURY TRIAL

The Plaintiff, Stephen Barker, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:     (812) 424-1005

6

Email:        ad@bdlegal.com

*Attorneys for Plaintiff, Stephen Barker*